UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3792-FMO (SP) | Date | May 22, 2014 |
|---|---|---|---|
| Title | DERRICK LEWIS DAVIS v. MARK D. BITER, Warden | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed for Failure to Name Petitioner or Respondent**

On May 16, 2014, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. The petition fails to name anyone as a petitioner or respondent; the caption is left blank. The court assumes this was an oversight, as on other concurrently filed documents petitioner states his name as being that of the petitioner and Warden Mark D. Biter as the respondent. Nonetheless, this oversight must be addressed before the case can move forward.

A habeas petition filed pursuant to 28 U.S.C. § 2254 by a petitioner who is currently in custody under a state court judgment must name as respondent the state officer who has custody of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004); 28 U.S.C. § 2242; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). Thus, "[t]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Rumsfeld*, 542 U.S. at 435; *accord Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (*as amended* May 18, 1994) (the proper respondent to the habeas petition is "typically . . . the warden of the facility in which the petitioner is incarcerated"). The Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (*as amended* May 8, 1996); *see also Stanley*, 21 F.3d at 360.

Although it appears that petitioner is currently incarcerated at Kern Valley State Prison, he does not name the warden of that institution (Martin Biter) as the respondent.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3792-FMO (SP) | Date | May 22, 2014 |
|---|---|---|---|
| Title | DERRICK LEWIS DAVIS v. MARK D. BITER, Warden | | |

Rather, petitioner has not named a respondent in the caption of the petition. He also has not named a petitioner.

Accordingly, the court hereby issues an **ORDER TO SHOW CAUSE** why the petition should not be dismissed for failure to name a proper respondent or petitioner. Petitioner is **ordered** to file with the court a written response to the Order to Show Cause on or before **June 12, 2014.**

In his response to the Order to Show Cause, petitioner may set forth any reasons he wishes to argue against the dismissal of the action. Alternatively, petitioner may file a response in which he identifies the name of the proper respondent and the proper petitioner, and requests the court to deem the petition amended to name the persons he identifies as the respondent and petitioner. Fed. R. Civ. P. 15. Whichever option petitioner selects, petitioner must file and serve the responding document *no later than June 12, 2014*.

**The court warns petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed without prejudice for failure to name a proper respondent and petitioner, for failure to prosecute, and/or for failure to obey court orders.**