UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3792-FMO-KK | Date | January 8, 2015 |
|---|---|---|---|
| Title | Derrick Lewis Davis v. Mark D. Biter | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:** **(In Chambers) Order Denying Motion to Dismiss Without Prejudice and Directing Petitioner to File Response**

On April 23, 2014, Derrick Lewis Davis ("Petitioner"), a California state prisoner proceeding pro se, constructively filed the instant Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254(d), with this Court. (ECF Docket No. ("dkt.") 1). In the Petition, Petitioner challenges his convictions in Los Angeles County Superior Court for: (1) two counts of inflicting corporal injury on a cohabitant, in violation of California Penal Code section 273.5(a); and (2) one count of attempting to prevent a witness from reporting a crime, in violation of California Penal Code section 136.1(b)(1). (Id.). Petitioner sets forth four grounds for habeas relief: (1) violation of Petitioner's right of cross-examination under the Confrontation Clause of the Sixth Amendment; (2) violation of Petitioner's Sixth Amendment right to self-representation; (3) ineffective assistance of appellate counsel; and (4) use of physical restraints at Petitioner's trial, in violation of Petitioner's Fifth Amendment rights ("Claim Four").[1] (Dkt. 1-1).

On November 20, 2014, Respondent filed a Motion to Dismiss, contending the Petition is untimely and that Claim Four is unexhausted. (Dkt. 24). Petitioner has failed to file a timely Opposition to the Motion.

After considering the above issues, the Court makes the following determinations.

---

1 The Petition itself expressly asserts only the first three of these claims. On July 17, 2014, the Court received a request from Petitioner to supplement the Petition's claims with Claim Four. (Dkt. 13). On July 23, 2014, the Court issued an order considering all four claims submitted. (Dkt. 14).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3792-FMO-KK | Date | January 8, 2015 |
|---|---|---|---|
| Title | Derrick Lewis Davis v. Mark D. Biter | | |

## A. Timeliness of the Petition

The instant Petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court must apply the requirements for habeas relief set forth in AEDPA when reviewing the Petition. Soto v. Ryan, 760 F.3d 947 (9th Cir. 2014) (citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997)). AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").

AEDPA's one-year limitations period commences on the date a petitioner's conviction becomes "final." 28 U.S.C. § 2244(d)(1)(A).[2] Under Section 2244(d)(1)(A), the AEDPA limitations period does not begin accruing "until both [a petitoner's] conviction *and* sentence bec[o]me final by the conclusion of direct review or the expiration of the time for seeking such review." Burton v. Stewart, 549 U.S. 147, 156-57, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (internal quotation marks omitted) (emphasis in original).

Here, Petitioner was originally sentenced in Los Angeles County Superior Court on January 22, 2009. See Lodgment ("lodg.") No. 1. On January 4, 2011, the Superior Court re-sentenced Petitioner and amended the judgment *nunc pro tunc*, pursuant to the California Court of Appeal's instructions in its reasoned decision on Petitioner's direct appeal. See Lodg. No. 5. On September 19, 2013, the Superior Court again amended Petitioner's sentence, because the California Court of Appeal found the Superior Court had not fully complied with the Court of Appeal's instructions when amending the judgment on January 4, 2011. See Lodg. No. 16.

In short, given his sentence was amended by the Superior Court *twice*, it is unclear exactly when Petitioner's conviction and sentence became "final" for purposes of Section 2244(d)(1)(A). If Petitioner's conviction and sentence became final after expiration of the time for seeking direct review of the Superior Court's September 19, 2013

---

[2] The limitations period under Section 2244(d)(1) may also commence on dates set forth in 28 U.S.C. §§ 2244(d)(1)(B), (C), and (D). None of these provisions are applicable here.

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 2 of 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3792-FMO-KK | Date | January 8, 2015 |
|---|---|---|---|
| Title | Derrick Lewis Davis v. Mark D. Biter | | |

amendment of Petitioner's sentence, the instant Petition—constructively filed less than a year later on April 23, 2014—would be timely. Moreover, looking to the September 19, 2013 amendment when assessing the Petition's timeliness would be in accord with both Ninth Circuit and district court authority. See United States v. LaFromboise, 427 F.3d 680, 683 (9th Cir. 2005) (declining to consider a conviction and sentence "final" for purposes of Section 2255's one-year statute of limitations until district court issued amended abstract of judgment correcting sentence reversed on appeal); Soeun v. Horel, No. CV 08-00195 DLB-HC, 2008 WL 4506898, at *3 (E.D. Cal. Oct. 7, 2008) (holding petitioner's conviction became final sixty days after trial court amended sentence for a *second* time pursuant to instructions from court of appeal); Rucker v. Clark, No. CV 07-1392 AHS-OP, 2008 WL 657950, at *3 (C.D. Cal. Mar. 5, 2008) (holding petitioner's conviction became final sixty days after trial court issued amended judgment in accordance with court of appeal's opinion).

In its Motion to Dismiss, Respondent maintains Petitioner's conviction and sentence became final after expiration of the time for seeking direct review of the Superior Court's *January 4, 2011* amendment of Petitioner's sentence. Mot. at 5-6. Respondent does not cite any authority establishing the January 4, 2011 amendment, rather than the September 19, 2013 amendment, as the trigger date for the AEDPA limitation period. Indeed, Respondent does not at all address the possibility that the September 19, 2013 amendment of Petitioner's sentence might be the relevant date for assessing when AEDPA's limitations period began to accrue. Given the lack of clarity on this issue, the Court denies Respondent's Motion to Dismiss, without prejudice, as to the issue of timeliness.

## B. Exhaustion of Claim Four

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*).

For a petitioner in California state custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3792-FMO-KK | Date | January 8, 2015 |
|---|---|---|---|
| Title | Derrick Lewis Davis v. Mark D. Biter | | |

O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882,888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

The inclusion of both exhausted and unexhausted claims in a federal habeas petition renders it mixed and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

Here, Claim Four of the instant Petition is unexhausted. Petitioner argues in Claim Four that the physical restraints placed upon him at his trial violated his Fifth Amendment rights. (Dkt. 13). However, as Respondent argues in its Motion to Dismiss, Petitioner failed to present this claim to the California Supreme Court in either: (1) his June 2010 Petition for Review of his direct appeal (see Lodg. No. 3); (2) his August 14, 2013 state habeas petition in the California Supreme Court (see Lodg. No. 27, 28); or (3) his January 8, 2014 state habeas petition in the California Supreme Court (see Lodg. No. 30). For this reason, Claim Four is unexhausted. Therefore, it appears from the record now before the Court that the instant Petition is subject to dismissal as a mixed petition. However, before deciding this matter, the Court will first give Petitioner an opportunity to address the exhaustion issue by electing any of the following five options:

**Option 1:**

If Petitioner contends he has in fact exhausted his state court remedies on Claim Four, he should clearly explain this in a response to this Order. Petitioner should attach to his response copies of any documents establishing that Claim Four is indeed exhausted. (Petitioner may also file a response, and include a notice that, if the court still finds the petition to be mixed, he alternatively selects one of the other options discussed below.)

**Option 2:**

Alternatively, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Petitioner's convenience.** The Court advises Petitioner, however, that if Petitioner should later attempt to again raise any dismissed claims in subsequent

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 4 of 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3792-FMO-KK | Date | January 8, 2015 |
|---|---|---|---|
| Title | Derrick Lewis Davis v. Mark D. Biter | | |

habeas petitions, those claims may be time-barred under the one-year statute of limitations in 28 U.S.C. § 2244(d)(1).

**Option 3:**

Petitioner may request a voluntary dismissal of only the unexhausted claim (Claim Four), and elect to proceed on only his three exhausted claims. **Petitioner may also use the attached Notice of Dismissal form in order to select this option**. The Court advises Petitioner, however, that if he elects to proceed now with only his exhausted claims, any future habeas petition containing Claim Four or other claims that could have been raised in the instant Petition may be rejected as successive (or may be time-barred).

**Option 4:**

Pursuant to Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), Petitioner may ask the Court to stay all of the claims in a mixed petition while he returns to the state courts to exhaust his already pled but unexhausted claim. To obtain a stay of this case pursuant to Rhines, Petitioner is required to: (a) show good cause for his failure to exhaust Claim Four in state court earlier; and (b) show that Claim Four is not "plainly meritless." See id. at 277. (Petitioner also may request a Rhines stay, and include a notice that, if the Court denies the Rhines stay, he alternatively selects one of the other options.)

**Option 5:**

Pursuant to Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), Petitioner may dismiss Claim Four and ask the Court to stay his remaining, fully exhausted claims while he returns to the state courts to exhaust Claim Four. The Court advises Petitioner, however, that "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely. And demonstrating timeliness will often be problematic under the now-applicable legal principles." King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, a petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3792-FMO-KK | Date | January 8, 2015 |
|---|---|---|---|
| Title | Derrick Lewis Davis v. Mark D. Biter | | |

Mayle v. Felix, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). (Petitioner also may request a Kelly stay, and include a notice that, if the Court denies the Kelly stay, he alternatively selects one of the other options.)

**Caution:** Petitioner is cautioned that if he requests a stay and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court may recommend the Petition be dismissed as a mixed petition. Accordingly, as noted above, Petitioner may select options in the alternative.

**Summary:** In sum, in order to select Option 1, Petitioner must file a response to this Order showing Claim Four is exhausted. In order to select Options 2 or 3, Petitioner may file the attached Notice of Dismissal form and fill it out according to his choice. In order to select Options 4 or 5, Petitioner must file a written response requesting a stay pursuant to either Rhines or Kelly. With Options 1, 4, or 5, Petitioner may select an alternative option in the event the Court finds certain claims unexhausted and/or denies the request for a stay. Whichever option Petitioner selects, Petitioner must file and serve the responding document clearly stating the option selected ***no later than February 7, 2015***.

IT IS THEREFORE ORDERED:

1. **By February 7, 2015,** Petitioner is ordered to respond to this Order by electing any of the five options presented above. **The Court warns Petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed without prejudice as a mixed petition, for failure to prosecute, and/or for failure to obey court orders.**

2. Respondent's Motion to Dismiss, insofar as it challenges the timeliness of the Petition, is **DENIED** without prejudice to reassertion of a statute of limitations defense in Respondent's Answer.

CV-90 (06/04) **CIVIL MINUTES - GENERAL** Page 6 of 6